# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

AIRTEX MANUFACTURING LLLP d/b/a
Engineered Air,

    Plaintiff,

v.

BONESO BROTHERS CONSTRUCTION,
INC.,

    Defendant.

Case No. 19-2269-CM-JPO

## MEMORANDUM & ORDER

Plaintiff Airtex Manufacturing LLLP, doing business as Engineered Air, provided defendant Boneso Brothers Construction, Inc. roof top air equipment. In turn, plaintiff expected under the parties' agreements to receive $1,445,114.00. Plaintiff instead received far less: $1,372,151.25 less. Or, so plaintiff alleges. (*See generally* Doc. 1-1.) In responding to plaintiff's allegations, defendant asserts various affirmative defenses. (*See generally* Doc. 7.) As to two of those affirmative defenses, plaintiff now moves the court either to strike the defenses or order defendant to state the defenses more definitely. Because the defenses afford plaintiff fair notice and require no responsive pleading, the court denies plaintiff's Motion To Strike Defendant's Affirmative Defenses Or Alternatively Motion For More Definite Statement (Doc. 10).

### I. Legal Standards

#### A. Motion to Strike

"[M]otions to strike are generally disfavored." *Constr. Indus. Laborers Pension Fund v. Explosive Contractors, Inc.*, No. 12-2624-EFM, 2013 WL 3984371, at *1 (D. Kan. 2013). Still, Federal Rule of Civil Procedure 12(f) authorizes this court the discretion to strike from defendant's answer any

-1-

"insufficient defense." To be sufficient, a defense need not comply with "the pleading standards of *Twombly* and *Iqbal*."[1] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011). Rather, a pleaded affirmative defense need only be "affirmatively state[d]" in "short and plain terms." Fed. R. Civ. P. 8(b)(1)(a) & (c)(1); *see also Ross*, 2019 WL 5188673 at *1–*2. A defense so stated may be struck only if:

- "no circumstances exist under which it can succeed as a matter of law";
- it fails "to provide the plaintiff with fair notice"; or
- it "has no possible relation to the controversy and may prejudice the opposing party."

*Falley*, 787 F. Supp. 2d at 1257. Striking an affirmative defense, however, is "a 'drastic remedy.'" *Id.* at 1259 (quotation omitted). And at this litigation's early stage, "[t]he remedy for striking defenses . . . is often to allow amendment." *Id.*

### B. Motion for a More Definite Statement

Motions for a more definite statement are no less "disfavored." *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155–56 (D. Kan. 2004) ("Such motions are disfavored in light of the liberal discovery provided under the federal rules"). Still, under Federal Rule of Civil Procedure 12(e), a party authorized to respond to a pleading may move for a more definite statement of that pleading if that pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." The motion must "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). But the court will not grant the motion "merely because the pleading lacks detail;" rather, the omitted but desired details must be

---

[1] "Courts, including those within this District, are split on whether *Twombly* and *Iqbal* govern the pleading of affirmative defenses under Fed. R. Civ. P. 8(b)(1)(A). In this District, the majority view is that the *Twombly* and *Iqbal* requirements do not apply." *Ross v. Sharp One, Inc.*, No. 19-2293-KHV, 2019 WL 5188673, at *1 (D. Kan. Oct. 15, 2019). And here, plaintiff makes no argument that this court should apply *Twombly* and *Iqbal*, instead arguing that defendant's affirmative defenses "fail regardless of the applicability of *Iqbal/Twombly*." (Doc. 11, at 3 n.1.)

reasonably necessary "to enable a responsive pleading in the form of a denial or admission." *Peterson*, 314 F. Supp. 2d at 1156.

II.  **Plaintiff's Motion**

Plaintiff's motion focuses on these two of defendant's affirmative defenses:

> **FOURTEENTH AFFIRMATIVE DEFENSE**
>
> BONESO asserts all defenses available under the provisions of the contract documents related to this action.
>
> . . . .
>
> **TWENTIETH AFFIRMATIVE DEFENSE**
>
> BONESO adopts all affirmative defenses available to it under applicable law, including the Kansas Uniform Commercial Code, including K.S.A. 84-2-207, and California Commercial Code.

(Doc. 7, at 7–8.) These defenses are "affirmatively state[d]" in "short and plain terms." Fed. R. Civ. P. 8(b)(1)(a) & (c)(1); *see also Ross*, 2019 WL 5188673 at *3 (refusing to strike affirmative defense asserting that plaintiff's complaint stated no relief-worthy claim "'under the laws of the States of Kansas and/or Illinois.'"). Plaintiff does not argue otherwise. Plaintiff instead argues this: defendant asserts these defenses so vaguely that they "impart no notice to [plaintiff] on what th[e] defenses actually entail," (Doc. 11, at 4); and so, if not stricken or stated more definitely, these defenses will prejudice plaintiff by requiring it "to expend time and resources litigating irrelevant issues." (Doc. 11, at 5.)  This court disagrees.

This court sees two issues with plaintiff's fair-notice argument.

First, plaintiff bases its fair-notice argument on legally distinguishable authority. Analogizing to *Sprint Comm'ns Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D. Kan. 2006), plaintiff argues that "simply citing to a statute does not provide sufficient notice of an affirmative defense." (Doc. 11, at 4);

*see also Sprint Comm'ns*, 233 F.R.D. at 618–19 ("[S]imply citing Title 35 of the United States Code is not a valid affirmative defense," because it is "unreasonable to make [plaintiff] guess which of [Title 35's 112 discrete sections] [defendant] is relying upon . . . ."). That case's analysis, however, benefited from an advantage plaintiff has not offered the court here: "a line of federal district court opinions that have addressed the exact language of the challenged affirmative defense." *Id.* at 619. More importantly, that case's analysis accepted that "the pleading requirement is the same [for] a counterclaim or affirmative defense"; and so, "[u]nder Fed. R. Civ. P. 8(a), an affirmative defense must set forth . . . . a short and plain statement of the facts." *Id.* (quotation omitted).

But this court has since determined otherwise. In *Falley*, this court distinguished Rule 8(a)'s requirement for pleading "a claim for relief" from Rules 8(b) and (c)'s requirements for pleading defenses. Rules 8(b) and (c) are "markedly less demanding than that of Rule 8(a), where a pleading must *show* an entitlement to relief." *Falley*, 787 F.Supp.2d at 1258 (emphasis in original). This court has refused to "overlook that difference." *Id.* That means this court will neither "require a factual showing where the rules do not require such showing," nor evaluate affirmative defenses under authority, like *Twombly* or *Iqbal*, derived from Rule 8(a)'s standards.[2] *Id.* Here, *Sprint Comm'ns* bases its outcome from authority developed under Rule 8(a)'s more-demanding standard. *Falley*, therefore, cautions this court against using *Sprint Comm'ns* to evaluate defendant's affirmative defenses' adequacy.

The second issue this court sees with plaintiff's fair-notice argument is that it views fairness from plaintiff's perspective alone. This court decides a motion to strike bearing in mind that an affirmative defense should "provide plaintiff with fair notice." *Falley*, 787 F. Supp. 2d at 1257. But in this court's view, "fair" notice must account not only for plaintiff's need to be apprised of the nature of defendant's defenses but also defendant's need to answer quickly with or waive its defenses. Here, defendant

---

[2] Again, on this point, other judges within and outside this District disagree. *See Ross*, 2019 WL 5188673 at *1.

represents that it crafted its affirmative defenses without "necessary discovery," cautious to avoid "waiv[ing] any potentially applicable affirmative defenses." (Doc. 13, at 3.) As explained in *Falley*,

> A plaintiff may take years to investigate and prepare a complaint, limited only by the reigning statute of limitations. But once that complaint is served, a defendant has only 21 days in which to serve an answer. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). And if a defendant fails to state an affirmative defense in its answer, it risks waiver. *See* Fed. R. Civ. P. 12(g)(2), (h)(1)(A). It makes sense to require more factual description of a plaintiff than a defendant under these circumstances.

*Id.* at 1258–59; *see also Moore v. City of Tulsa*, No. 14-cv-0152-CVE-FHM, 2014 WL 4064041, *3 (N.D. Okla. Aug. 15, 2014) ("[I]t would be unreasonable to expect defendants to be aware of all the necessary facts or even to know for sure whether a particular affirmative defense is applicable, given that discovery has not yet occurred and the fact that defendants may waive affirmative defenses that are not plead."). Under these circumstances, fairness accommodates less specificity from a responsive pleading.

Ultimately, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." 5 Wright & Miller, *Federal Practice and Procedure* § 1274. Though asserted in general terms, Defendant's Fourteenth and Twentieth Affirmative Defenses are not unfairly vague. These defenses give plaintiff notice that it must defend against defenses available under the parties' contract documents and specified and unspecified provisions of Kansas's and California's commercial codes. And while plaintiff generically claims that defending against these assertions will require it to "litigate irrelevant issues," it supports that claim with no specific explanation of how these defenses are "irrelevant" to the suit. (Doc. 11, at 5.) Accordingly, the court denies plaintiff's motion to strike defendant's defenses.

And the defenses need not be stated more definitely. A party may move for a more definite statement only as to "a pleading to which a responsive pleading is allowed . . . ." Fed. R. Civ. P. 12(e).

"[O]utside of a reply to counterclaims, 'a reply to an answer ordinarily is unnecessary and improper.'" *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, *2 (D. Kan. Feb. 19, 2008).

> When[, as here,] an answer does contain a counterclaim denominated as such, the answer to the counterclaim is limited to the allegations of the counterclaim, and the pleader should not attempt to respond to those allegations in the defensive portions of the answer that are not part of the counterclaim. Thus, the only time the plaintiff can respond to . . . those portions of an answer other than a counterclaim is when he has secured the court's permission.

5 Wright and Miller, *Federal Practice and Procedure* § 1184. This court has given no such permission here. Accordingly, defendant's affirmative defenses do not constitute "a pleading to which a responsive pleading is allowed." Those defenses, in fact, are "deemed automatically denied." *Raisdana v. City of Wichita*, No. 92-1195-PFK, 1993 WL 302233, at *9 (D. Kan. July 23, 1993) (citing 5 Wright and Miller, *Federal Practice and Procedure* § 1279). So, no further details are necessary "to enable a responsive pleading in the form of a denial or admission." *Peterson*, 314 F. Supp. 2d at 1156. And even assuming otherwise, "the [c]ourt is confident that without difficulty, plaintiffs could generally deny the affirmative defenses which defendant has asserted." *Wilhelm*, 2008 WL 474265 at *3. Accordingly, the court also denies plaintiff's alternative request for a more definite statement.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Strike Defendant's Affirmative Defenses Or Alternatively Motion For More Definite Statement (Doc. 10) is denied.

Dated December 10, 2019, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**