IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AIRTEX MANUFACTURING LLLP, d/b/a Engineered Air,<br><br>Plaintiff,<br><br>v.<br><br>BONESO BROTHERS CONSTRUCTION, INC.,<br><br>Defendant. | Case No. 2:19-2269-EFM |

## **ORDER**

Defendant, Boneso Brothers Construction, Inc., has filed a motion (ECF No. 75) to compel the non-party, Watts Constructors, LLC ("Watts"), to comply with the subpoena served on July 14, 2020. Despite objecting to the subpoena, Watts has not filed any opposition to the motion to compel, nor has plaintiff. Defendant has certified the motion was compel was served electronically to all counsel, including counsel for Watts. Under the time requirements set forth in D. Kan. Rule 6.1(d), any response to the motion to compel was due on September 16, 2020. No timely opposition has been filed. D. Kan. Rule 7.4(b) provides, "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."

The court, after reviewing the scope of the subpoena, concludes it complies with the requirements of Fed. R. Civ. P. 45, which provides guidelines for the issuance of subpoenas to non-parties. Rule 45(d)(3)(A) requires the court to quash or modify a subpoena that

requires compliance beyond the geographical limits of service; requires disclosure of privileged or protected information; or subjects a person to undue burden. Here, the subpoena seeks information related to the purchase of mechanical and plumbing construction services for a project located at a military base at Camp Roberts, California. Defendant alleges Watts, the general contractor for the project, has not paid defendant in full for HVAC units; defendant contends this failure to pay by Watts is one reason why plaintiff has not been paid in full for the HVAC units it contracted with defendant to manufacture and supply.[1] Defendant has brought a counterclaim related to alleged defects and deficiencies with the HVAC units and contends "Watts was directly involved in all of these issues."[2] Accordingly, defendant served the subpoena on Watts, which seeks documents and correspondence that the court construes as relevant to the issues in this case.

Further, although Fed. R. Civ. P. 45(c)(1)(A) limits the mandatory appearance of witnesses beyond a 100-mile radius, courts in this district have repeatedly acknowledged that where a subpoena does not require attendance of any witnesses – only production of documents – there is no violation of the 100-mile limitation of Rule 45.[3] Production of the requested documents via e-mail, which appears to be contemplated here as there is an e-

---

[1] ECF No. 75 at 1-2.

[2] *Id.* at 2.

[3] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016); *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2017 WL 3723277, at *8 (D. Kan. Aug. 29, 2017).

mail address listed on the subpoena, does not impose an additional burden.[4]  The court is further persuaded by this logic based on the record, which shows Watts has already produced some of the responsive documents electronically.[5]

IT IS THEREFORE ORDERED that defendant's motion to compel (ECF No. 75) is granted as unopposed.  Watts shall produce the documents sought by the subpoena, without objection, by **October 1, 2020**.

Dated September 17, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[4] *Holick*, 2017 WL 3723277, at *8 ("If the documents are being produced via e-mail, however, there is no additional burden on the witnesses to produce the documents.").

[5] ECF No. 75 at 4; ECF No. 75-3 at 6.